PRICE, Judge.
Ward Peters Investment Co., Inc., has appealed the judgment awarding Prescott Murphy Realty, Inc., a commission for procuring a purchaser under a real estate listing contract. The issue presented is factual: Did plaintiff find a buyer that was ready, willing, and able to purchase on the terms offered by defendant under its open listing agreement with plaintiff?
The trial court found plaintiff had earned its commission, and awarded judgment for $2,700. We reverse and reject plaintiff’s demands for the following reasons.
Ward Peters of Shreveport is the president and general manager of Ward Peters Investment Co., Inc., and Pel State Oil Company. The investment company owns gasoline service station sites in Louisiana and leases them to Pel State, a retailer of petroleum products. Peters closed down a location on Government Street in Baton Rouge in 1974, because of the oil shortage.
Subsequent to the closing of the station, Ben R. Franklin, III, President of Prescott Murphy Realty, Inc., contacted Peters by telephone and asked if he was interested in selling the property. Peters advised Franklin he would sell for a minimum of $45,000, exclusive of pumps and station equipment. Franklin’s request for an exclusive listing contract was refused and an open listing of the property was allowed by Peters.
Franklin obtained a written offer from Colgin Associates, Inc., of Morgan City, on August 1, 1974, for the price of $43,000. Peters rejected this offer as being below the minimum price asked.
In early September, Franklin contacted Peters by telephone and advised him his clients would agree to pay the $45,000.
On September 27th, a Ruston realtor, W. Y. McCain, contacted Peters on behalf of Church’s Fried Chicken in regard to purchasing the property. Peters signed a contract on October 3rd agreeing to sell to Church’s for $47,000, less a ten per cent commission to McCain. This price would have netted Peters the same amount as the proposed sale to Colgin Associates because of the difference in the real estate commission. On the same date that Peters agreed to sell to Church’s, he received a telephone call from an attorney in Morgan City representing Colgin Associates requesting certain information about the property. Peters informed the attorney he could not sell to Colgin as he had already agreed to another sale.
Plaintiff contends it is entitled to its commission under the circumstances presented. There is no dispute on the law that a real estate agent earns a commission if he procures a buyer who is ready, willing, and able to purchase on the vendor’s terms, even if the sale is not consummated. Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (La.1972).
Plaintiff has not borne the burden of proving his prospective purchaser meets this standard.
The testimony is conflicting in regard to the terms upon which Colgin Associates agreed to purchase other than the cash consideration of $45,000. Earl Colgin, who represented the corporation in its negotiations with plaintiff, testified his offer to pur *648 chase included the station equipment and gasoline pumps. This is clearly contrary to the letter written by Peters allowing Franklin to list the property for sale. Col-gin also testified the seller was to fill the underground tanks with sand. Peters denies having discussed this with Franklin after the first offer was rejected.
In an attempt to show the ability of Colgin Associates, Inc., to purchase the property for the sum requested, plaintiff offered the testimony of an official of the Morgan City Bank and Trust Company, who granted a conditional commitment to the corporation for a loan on the property. This testimony shows one of the conditions on which the commitment was made was for four individuals who are the principal owners of the corporation to personally endorse the note. There is no evidence showing these four individuals agreed to the endorsement. It is immaterial that one or more of the individuals who are principal owners of the corporation may individually have sufficient funds to have made the purchase. See Morere v. Dixon Real Estate Co., Inc., 188 So.2d 623 (La.App. 4th Cir. 1966). The loan application was made in the corporation’s name in this instance, and we must assume the corporation was the proposed purchaser with whom plaintiff was negotiating.
The information conveyed to Peters by plaintiff in regard to whether he had a bona fide offer from Colgin is contradictory and indefinite. On September 9th, plaintiff wrote Peters the following letter:
I spoke with my clients today concerning your property on Government Street and they have advised me that their loan has been approved for the purchase of the site. They are coming in Wednesday to draw up a new purchase agreement for your price. I will give you a call as soon" as I have it on paper.
No purchase agreement was ever obtained as indicated in this letter. Plaintiff has not satisfactorily explained why he did not obtain a second written agreement to bind the purchasers to an enforceable agreement. Plaintiff testified he was having difficulty getting the Colgin principals together as they lived in different cities in Louisiana. Peters offered, on one occasion, to fly to Morgan City for the convenience of the purchasers, and a date was fixed for a meeting. This appointment was cancelled by a telephone call made to Peters’ office manager by plaintiff.
Peters heard nothing further from Franklin after September 13th. He understood the parties intended to meet in Morgan City to sign a contract to buy and sell. He testified he was unaware the Colgin group was making preparations for the transfer of title until Colgin’s attorney called him on October 1st. Although Franklin testified Peters understood in their conversation of September 13th that a firm commitment had been made by the Colgins to buy and that the transaction would be closed in a reasonable time, Peters denies any such understanding. In view of Franklin’s letter of September 9th, Peters’ testimony should be accepted and given more weight. Peters could have reasonably believed the Colgin group had lost interest in the property and was justified in agreeing to sell to a third party.
The judgment is reversed, and plaintiff’s demands are rejected at its costs.